# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TYLER WYSE, on behalf of himself and others similarly situated, | Case No 3:21-cv-00957-JRK |
| Plaintiff, | Judge James R. Knepp II |
| vs. | |
| SAUDER WOODWORKING CO., | **ORDER GRANTING APPROVAL OF FLSA SETTLEMENT AND PRELIMINARY APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT** |
| Defendant. | |

Representative Plaintiff Tyler Wyse (the "Class Representative") and Defendant Sauder Woodworking Co. ("Defendant") have moved the Court, pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) and Rule 23(e) of the Federal Rules of Civil Procedure, for entry of an Order as follows:

(a) preliminarily approving the FLSA Class settlement, as described in the Class Action Settlement and Release ("Settlement Agreement");

(b) preliminarily approving the Rule 23 Class settlement, as described in the Settlement Agreement;

(c) conditionally certifying a settlement class under Fed. R. Civ. P. 23 for purposes of proceeding in connection with the final approval of the Settlement Agreement;

(d) approving the form of the class notice and directing the manner of delivery thereof;

(e) approving Hans A. Nilges and Jeffrey J. Moyle of Nilges Draher LLC as Class Counsel;

(f) approving the Plaintiff as collective and class representative; and

(g) scheduling a hearing to consider the fairness of the Rule 23 Class settlement pursuant to Fed. R. Civ. P. 23 and *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982).

11976392.1

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement ("Motion for Approval"), the Declaration of Hans A. Nilges appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting approval of the FLSA Settlement, granting preliminary approval of the Rule 23 Class Action Settlement, and approving notice to the Class Members as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. On May 7, 2021, Class Representative filed this Action, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Class Representative and other similarly situated employees all of their overtime pay. Defendant denied Plaintiff's material allegations, and denied that it violated the FLSA or OMFWSA.

3. The Parties have exchanged and analyzed initial factual disclosures and timekeeping and payroll records. This due diligence document exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses.

4. The Parties reached an agreement to settle this Action.

5. The Settlement Agreement resolves the individual and collective claims of the Class Representative and Class Members (as defined herein) pursuant to the FLSA and any and all applicable state and local wage and overtime laws, regulations, and ordinances, and provides classwide relief and distribution of funds pursuant to Rule 23. The Settlement Agreement is subject to approval by the Court pursuant to the FLSA and Fed. R. Civ. P. 23(e).

6. The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

7. The Settlement Agreement is hereby APPROVED as to the FLSA Collective Members' claims as provided in the Settlement Agreement and PRELIMINARILY APPROVED as to the Rule 23 Class Members' claims as provided in the Settlement Agreement, for notice purposes as appearing on its face to be fair, reasonable, and adequate, and as to being the product of serious, informed, and extensive arm's length negotiations between the Plaintiffs and Defendant. In making these findings, the Court considered the nature of the claims, the relative strength of the Plaintiff's claims, the amounts and kinds of benefits to be paid, the allocation of settlement proceeds, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Accordingly, the Court finds that the Settlement Agreement was entered into in good faith.

8. As to the Class Representative and the Class Members he represents, the Court finds that the proposed settlement class qualifies for provisional certification under Rules 23(a) and 23(b)(3). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. The Class Representative, Tyler Wyse, is an adequate representative of the Class because he is a member of the Class, and he possesses the same interests and suffered the same alleged injuries as other Class Members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the Class Members are commensurate with their claims. The Court finds there

is sufficient basis to conclude preliminarily that the parties' proposed Settlement Agreement is fair, reasonable and adequate as to the Class.

9. Therefore, the Court provisionally certifies the Class pursuant to Rule 23(a) and (b)(3).

10. The Court approves Tyler Wyse as the Class Representative, and appoints as class counsel, Hans A. Nilges and Jeffrey J. Moyle of Nilges Draher LLC.

11. The Court provisionally approves the Service Award for Representative Plaintiff in recognition of his services in this Action.

12. The Court provisionally approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Settlement Agreement.

13. The Court approves the proposed Settlement Notice as to substance, form, and manner of distribution, and orders that it be distributed to Class Members in the manner described in the Settlement Agreement.

14. The Court directs that the Class Members be given notice of the pendency of this Action, the proposed Settlement Agreement, and the date of a hearing ("the Fairness Hearing") at which final approval of the proposed Settlement Agreement will be considered.

15. The Fairness Hearing will be held on August 17, 2022, at 1:00 PM in Courtroom 312 before Judge James R. Knepp II. Class Members objecting to the Settlement Agreement must timely file objections in the time and the manner set forth in the Class Action Settlement Notice. Specifically, Class Members must take such steps not later than thirty (30) days after the mailing of the Class Action Settlement Notice.

16. Prior to the Fairness Hearing, Class Counsel shall file with the Court a Declaration verifying that the Class Action Settlement Notice was distributed to the Class Members in the form and manner approved herein.

17. The Parties shall file papers in support of Final Approval of the Settlement Agreement no later than ten (10) days prior to the Fairness Hearing.

18. The Court orders that, pending Final Approval, Class Members are preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Settlement Agreement.

IT IS SO ORDERED this 26th day of April, 2022.

*/s/ James R. Knepp II*

_____
James R. Knepp II
United States District Judge